UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSE RAFAEL TORRES,

    Petitioner,                                        Case No. 2:06-CV-12424

v.

JERI-ANN SHERRY,

    Respondent,

_____/

**ORDER TRANSFERRING CASE TO THE COURT OF APPEALS
PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)**

Petitioner Jose Rafael Torres, presently incarcerated at the Chippewa Correctional Facility In Kincheloe, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In his *pro se* application, Petitioner challenges his conviction for three counts of first degree criminal sexual conduct.[1] For the reasons stated below, the court will transfer the matter to the United States Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A) for authorization to file a second or successive habeas petition.

**I. BACKGROUND**

Petitioner was convicted on February 26, 2002 of three counts of first-degree criminal sexual conduct in the Oakland County Circuit Court. Petitioner's conviction was affirmed on appeal. *People v. Torres,* No. 240738 (Mich. Ct. App. Sept. 16, 2003); *leave to appeal denied at* 675 N.W.2d 595 (Mich. 2004).

---

[1] Mich. Comp. Laws § 750.520b(1)(a); Mich. Stat. Ann. § 28.788 (2)(1)(a).

1

Dockets.Justia.com

On or about October 12, 2005, Petitioner filed a petition for writ of habeas corpus in which he challenged these three convictions. See Torres v. Davis, Case No. 2:05-CV-73917 (E.D. Mich.) (Cohn, J.). Petitioner initially alleged that (1) the arrest warrant and supporting complaint did not support a finding of probable cause and violated the Fourth Amendment of the United States Constitution, and (2) the prosecutor arrested, prosecuted, and ultimately incarcerated Petitioner on the basis of a complaint that lacked probable cause.

Petitioner subsequently moved to dismiss his first habeas petition without prejudice because he failed to exhaust his state court remedies with respect to these two claims. Petitioner also asked the court to allow him to amend his habeas petition to add the following four claims:

    I. Admission of similar acts evidence constituted reversible error.

    II. Verdicts of guilty based upon insufficient evidence constitute a denial of due process.

    III. Sentences imposed violated the principles of proportionality.

    IV. Sentences imposed constitute cruel and unusual punishment.

On June 1, 2006, Judge Cohn ruled that petitioner's first two claims involving alleged violations of the Fourth Amendment were procedurally defaulted. Judge Cohn further denied Petitioner's request to amend his habeas petition, finding that his four proposed new claims were time-barred by the one year statute of limitations contained in 28 U.S.C. § 2244(d) and did not relate back to the initial habeas petition, because the four claims differed in time and type from the type of claims raised in Petitioner's initial

pleadings. *See Torres v. Davis,* Case No. 2:05-CV-73917, * 8 (E.D. Mich. June 1, 2006) (citing *Mayle v. Felix,* 125 S. Ct. 2562 (2005)).

## II.  DISCUSSION

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 was enacted ("AEDPA").  Among other things, the AEDPA amended 28 U.S.C. §§ 2244, 2253, and 2254, which govern habeas corpus proceedings in federal courts.  These amendments change the standards and procedures that federal courts must apply when faced with second or successive petitions for writs of habeas corpus.

Before a second or successive habeas petition is filed in a federal district court, a habeas petitioner shall move in the appropriate court of appeals for an order authorizing the district court to consider the petition.  28 U.S.C. § 2244(b)(3)(A); *In re Wilson*, 142 F.3d 939, 940 (6th Cir. 1998).  Under the AEDPA, a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition.  *Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999).  Unless the Sixth Circuit Court of Appeals has given its approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the Sixth Circuit Court of Appeals no matter how meritorious the district court believes the claim to be.  *Id.* at 971; *see also In Re Sims*, 111 F. 3d 45, 47 (6th Cir. 1997).  This requirement transfers to the court of appeals a screening function which the district court previously would have performed.  *Felker v. Turpin*, 518 U.S. 651, 664 (1996).

Judge Cohn dismissed Petitioner's first habeas application because Petitioner's

original two claims were procedurally defaulted.  Because Petitioner's first habeas application was dismissed for unexcused procedural default, this was a ruling on the merits.  *In Re Cook*, 215 F. 3d 606, 608 (6th Cir. 2000).  Petitioner's current habeas petition is therefore a second or successive petition for a writ of habeas corpus and Petitioner is required to obtain a certificate of authorization from the Sixth Circuit before he can proceed in this court with his petition for a writ of habeas corpus.  *Id.*

In addition, Judge Cohn also determined that the four claims which Petitioner attempts to raise in the instant petition were barred by the one year statute of limitations and did not relate back to the date of the original habeas petition.  The dismissal of a state prisoner's habeas petition for failure to comply with the AEDPA's one-year statute of limitations is considered an adjudication on the merits that renders any future petitions filed under § 2254 which challenge the same conviction a "second or successive" petition for the purpose of § 2244(b). *See Murray v. Greiner,* 394 F. 3d 78, 81 (2d Cir. 2005); *Reyes v. Vaughn,* 276 F. Supp. 2d 1027, 1029 (C.D. Cal. 2003).  Moreover, if a district court determines that new habeas claims do not relate back to an original habeas proceeding and are therefore time-barred, the court must then treat the new claims as a second or successive habeas petition and transfer the petition to the applicable court of appeals for consideration under § 2244(b)(3).  *See Buchanan v. Lamarque,* 121 Fed. Appx. 303, 314-15 (10th Cir. 2005).

The current application is therefore a second or successive petition for habeas relief.  Although neither party raised the issue of this being a second or successive petition, it is appropriate for the court to consider the issue *sua sponte* because subject matter jurisdiction goes to the power of the courts to render decisions under Article III of

4

the Constitution. *See Williams v. Stegall*, 945 F.Supp. 145, 146 (E.D. Mich. 1996). Because this appears to be a second or successive habeas petition, it would be error for the court to dismiss the petition as being time barred, rather than transfer it to the Sixth Circuit, because to do so in the absence of a certificate of authorization from the Sixth Circuit would impermissibly circumvent the AEDPA's gatekeeping provisions. *Corrao v. United States*, 152 F. 3d 188, 190-91 (2d Cir. 1998); *See also Gonzalez v. United States,* 135 F. Supp. 2d 112, 121 (D. Mass. 2001).

### III.  CONCLUSION

Petitioner has not obtained the appellate authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A).  Accordingly, IT IS ORDERED that the Clerk of the Court shall TRANSFER this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and *In Re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

       S/Robert H. Cleland  
       ROBERT H. CLELAND  
       UNITED STATES DISTRICT JUDGE

Dated:  June 19, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 19, 2006, by electronic and/or ordinary mail.

       S/Lisa Wagner  
       Case Manager and Deputy Clerk  
       (313) 234-5522